UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LESLIE LAUER,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　　Defendant(s). | Case No. 2:15-cv-00326-LDG-NJK<br><br>AMENDED REPORT AND RECOMMENDATION |

  Plaintiff initiated this case in state court seeking an order requiring that property be returned to him that was seized by local law enforcement pursuant to a warrant issued by the state court. *See, e.g.*, Docket No. 1 at 5-7. That property is part of an on-going criminal investigation being conducted by local law enforcement authorities. *See, e.g.*, Docket No. 28 at 5. Plaintiff also seeks an order unsealing the affidavit used to obtain that search warrant. *See, e.g.*, Docket No. 1 at 5. On February 24, 2015, Defendant Las Vegas Metropolitan Police Department ("LVMPD") removed Plaintiff's action to this Court on the basis that his claims are predicated in part on purported constitutional violations and, as such, this Court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1 at 2; Docket No. 32 at 4-5. On May 11, 2015, the Court issued an order to show cause why the Court should not abstain from deciding this matter and why this case should not be remanded. Docket No. 34. The Court has now received a response from LVMPD, which asserts that abstention is proper. *See*

Docket No. 34 at 2-3.[1] For the reasons discussed more fully below, the Court agrees that abstention is proper and hereby **RECOMMENDS** that this action be remanded to the Eighth Judicial District Court.

## I. MAGISTRATE JUDGE AUTHORITY

On June 8, 2015, the Ninth Circuit issued a published decision indicating that magistrate judges do not have the authority to decide motions to remand brought under 28 U.S.C. § 1447(c). *Flam v. Flam*, Case No. 12-cv-17285 (9th Cir. June 8, 2015) (slip opinion available only). In light of *Flam*, the undersigned will issue a report and recommendation rather than an order.

## II. STANDARDS

It has long been a cornerstone of our legal system that federal courts and state courts should not unduly interfere with the proceedings of the other: "In our American system of dual sovereignty, each sovereign–whether the Federal Government or a State–is responsible for the administration of its own criminal justice system." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (quoting *Setser v. United States*, ___ U.S. ____, 132 S. Ct. 1463, 1471 (2012)). The Supreme Court has recognized the importance of adhering to a "notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). To further the interests of comity, the Supreme Court has long made clear that absent extraordinary circumstances, federal courts may not interfere with pending state criminal prosecutions even when they raise issues regarding federal rights or interests:

> What the concept [of comity] does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

---

[1] The Court also provided Plaintiff an opportunity to brief the issue of *Younger* abstention. *See* Docket No. 33 at 3. The deadline for filing that brief has now passed. As such, neither party has advanced any grounds by which *Younger* abstention would not be proper here. Nonetheless, the Court notes that LVMPD offered to stipulate to remand this case, but Plaintiff would not agree to that stipulation. *See* Docket No. 34 at 2. Accordingly, Plaintiff's position regarding abstention and remand is not clear.

*Younger* abstention is a matter properly raised *sua sponte* at any time. *See, e.g., Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011). A federal court must abstain under *Younger* if four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).[2] When the relief sought is equitable or discretionary, federal courts have the power to remand to state court cases based on abstention principles. *See Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).

### III.   ANALYSIS

As noted above, despite removing this case to federal court, LVMPD now asserts that *Younger* abstention is proper. The Court agrees. First, a state-initiated and state-run criminal investigation overseen by the state court regarding criminal laws of the state is ongoing. Docket No. 28 at 5; *see also* Docket No. 1 at 7, 40 (search warrant was presented to and signed by Chief Judge Jennifer Togliatti). That is sufficient to constitute an "on-going state proceeding" for *Younger* abstention purposes. *See, e.g., Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 520-21 (5th Cir. 2004) (finding state grand jury proceeding in which subpoenas had been issued was an "ongoing state proceeding"). Second, the proceeding implicates the state's interests in enforcing its criminal laws and effectively investigating potential criminal conduct, which are important state interests. Third, Plaintiff here can–and did–seek the same relief in state court.

Fourth, federal court action could interfere with the state criminal investigation, including potentially forcing LVMPD to return seized evidence to Plaintiff and ordering the unsealing of the affidavit used to obtain the search warrant that led to the seizure. According to LVMPD, such an order would "completely frustrate the purpose of a search and seizure warrant." Docket No. 28 at 2. The

---

[2] *Younger* abstention is subject to a few exceptions, such as whether the state court proceedings are conducted in bad faith. *See Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). Such exceptions are not applicable here.

practical result of LMVPD's removal of this case is that a target of a state criminal investigation may bring his constitutional concerns regarding that on-going investigation to a federal judge to determine whether to return to the criminal suspect evidence obtained through a warrant issued by a state court judge and whether to require disclosure to the criminal suspect of the affidavit used to obtain that warrant in state court, which could effectively jeopardize the on-going investigation and negate the potential for a successful criminal prosecution.

Lastly, Plaintiff is seeking only equitable relief. *See* Docket Nos. 20-21 (seeking return of property and unsealing of affidavit); *see also United States v. Elias*, 921 F.2d 870, 875 (9th Cir. 1990) (describing request for return of property as an equitable remedy). Accordingly, remanding this case would be proper.

## IV.  CONCLUSION

Accordingly, for the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be **REMANDED** to state court.

IT IS SO ORDERED.

DATED: June 8, 2015

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).